1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ROBERT BLACK, JR., | )  Case No. CV 08-7922 CAS (JCG) |
| 12       Petitioner, | ) |
| 13       v. | )  ORDER ADOPTING REPORT AND<br>)  RECOMMENDATION OF UNITED<br>)  STATES MAGISTRATE JUDGE |
| 14  DOMINGO URIBE, JR., Warden, | ) |
| 15 | ) |
| 16       Respondent. | ) |

17

18        Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Petition, the

19  Magistrate Judge's Report and Recommendation, Petitioner's objections to the

20  Report and Recommendation, and the remaining record, and has made a *de novo*

21  determination.

22        Petitioner's objections generally regurgitate the arguments made in the

23  Petition and the Reply and lack merit for the reasons set forth in the Report and

24  Recommendation.

25        Petitioner also objects to the Magistrate Judge's denial of his motion for

26  discovery by which he sought to discover and present evidence that he did not enter

27  or take a laptop computer from the apartment where the police and victim claimed

28  the burglary took place.  (*See* Objs. at 2, 23-24, Ex. A; Motion for Leave of Court to

1  Invoke the Process of Discovery at 20.)  A habeas petitioner, however, is not entitled

2  to discovery as a matter of course.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  "A

3  judge may, for good cause, authorize a party to conduct discovery under the Federal

4  Rules of Civil Procedure and may limit the extent of discovery."  Rule 6(a) of the

5  Rules Governing § 2254 Cases.  Good cause exists "'where specific allegations

6  before the court show reason to believe that the petitioner may, if the facts are fully

7  developed, be able to demonstrate that he is ... entitled to relief[.]'" *Bracy*, 520 U.S.

8  at 908-09 (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

9          Here, at Petitioner's trial, the victim testified to her address and identified

10  Petitioner as the man who entered her apartment and snatched her laptop.  (RT at

11  270, 272.)  Petitioner, himself, corroborated the victim's testimony.   Petitioner

12  admitted to entering her apartment and grabbing the laptop.  (*Id.* at 380.)  Petitioner

13  admitted that his fingerprints were on the laptop.  (*Id.* at 380, 418-19.)  In light of the

14  foregoing, Petitioner's motion for discovery was rightly denied.

15          Accordingly, IT IS ORDERED THAT:

16          (1)     the Report and Recommendation is approved and adopted; and,

17          (2)     judgment shall be entered denying the Petition and dismissing this

18  action with prejudice.

19          IT IS FURTHER ORDERED THAT the Clerk serve copies of this Order and

20  the Judgment on the parties.

21

22  Dated: September 17, 2010                    _____

23                                        HON. CHRISTINA A. SNYDER
                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28